SPENCER ERVIN AND OTHERS, RESPONDENTS, *v.* THE ORE-
GON STEAM NAVIGATION COMPANY, IMPLEADED,
&c., APPELLANT.

*Service of a summons upon a foreign corporation by serving its president—right of
its president to resign to avoid service—what resolution does not so dissolve a
corporation as to render it impossible for its officers to thereafter resign.*

APPEAL from an order made at Special Term, denying the
motion of the Oregon Steam Navigation Company to set aside the
alleged service of the summons and complaint herein upon it.

The court at General Term said : " On this appeal it appears that
the summons and complaint was served by delivering a copy
thereof to Mr. Villard, as president of the company, on June 21,
1880. Mr. Villard had been the president and one of the directors
of the company up to June 15. On that day his resignation was
presented, both as president and director, to the board of directors,
at a meeting of such board, and the same was then and there
accepted by resolution of the board.

" It is claimed, however, on the part of the plaintiff, that the
resignation and its acceptance were made with a view to prevent
the service of a summons and complaint upon Mr. Villard as presi-
dent. This, we think, cannot be a material question, if, in fact,
the resolution was actually made and accepted, so that he ceased to
be president, and of that fact there seems to be no doubt upon the
affidavits contained in the moving papers. The resignation was
complete and effective on its acceptance by the board of directors,
and Mr. Villard ceased to be president, unless the views expressed
in the opinion of the court below be correct, that he had become
incapable of making the resignation, and the board had become
incapable of accepting it, for the reason therein stated. The reason
given, is that the corporation had dissolved on March 31, 1880, by
resolution adopted under the laws of Oregon, by the board of
directors on that day. That resolution was in the following form :
' Resolved, that this company, the Oregon Steam Navigation Com-
pany, incorporated October 18, 1862, be and the same is hereby

dissolved, to take effect upon the sale and transfer of its property, the settling of its business and the division of its capital stock.'

" The conditions of dissolution expressed in the resolution do not seem to have been completed. The president and secretary of the company were authorized by resolution of the board to proceed with all practicable dispatch to collect all the outstanding accounts and demands due the company, and to settle and pay its debts and liabilities. What progress they had made in this direction is not shown. It seems very clear that the corporation cannot be considered as dissolved to such an extent that its officers could not be changed by their resignation and the appointment of others, or in any other lawful manner. The only effect of the resolution of dissolution would be, it seems to us, to deprive the corporation of the power of engaging in new business, and to leave it clothed with full power, so far as necessary to close up all its affairs, pay off its debts, and distribute its property, and that for that purpose, the board of directors continued to exist; and it would seem to follow as a necessary consequence, continued to have authority to fill any vacancy occasioned by death, resignation, or otherwise.

" What Mr. Villard's private motives or purposes in resigning were, is not material, because they do not affect the rights of the corporation itself, which is alone interested in the manner in which it may be sued. It is claimed by the respondent, that the president and directors of the company occupied the relation of trustees upon the adoption of the resolution of dissolution, and had no power by their own act to escape from the responsibilities of that relation. Assuming this position to be well taken, it does not follow that the corporation can be sued by service upon one of such trustees, although the trustees and each of their number might be liable to an action for any abuse of his powers and duties. But there was, in fact, no dissolution, because the conditions upon which it was to take effect had not been performed.

" We are constrained to the opinion, that the service of the summons and complaint were not regular, and that the motion should have been granted by the court below."

*A. H. Holmes,* for the appellant.

*Thomas H. Hubbard*, for the respondents.

Opinion Per Curiam.

Present—Davis, P. J., Brady and Barrett, JJ.

Order reversed, and motion granted, with $10 costs and disbursements.